IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GARY BLOODSAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| HAMILTON COUNTY BOARD OF ) | JURY DEMANDED |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

The Plaintiff Gary Bloodsaw sues the Defendant Hamilton County Board of Education ("Board of Education") and for cause of action states:

1. The Plaintiff is a citizen and resident of Ooltewah, Tennessee, located in Hamilton County, Tennessee. The Plaintiff is African-American.

2. The Defendant Hamilton County Board of Education is a body politic located in Hamilton County, Tennessee, and is charged under the laws of the state of Tennessee with the duty of managing, controlling, and operating all public schools which comprise the Hamilton County School System. The Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e (b)

3. This is an action to recover for unlawful discrimination against the Plaintiff due to his race, African American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

1

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has venue pursuant to 28 U.S.C. § 1391.

5. The Plaintiff is a licensed educator duly licensed by the state to teach in the public schools of Tennessee. The Plaintiff has taught continuously in the Hamilton County school system for the past sixteen (16) years. The Plaintiff holds tenure as a teacher in the Hamilton County school system. Prior to teaching in Tennessee, the Plaintiff served as a teacher and a coach in the state of Georgia for approximately thirteen (13) years. The Plaintiff holds certifications in Physical Education ("P.E.") and wellness.

6. The Plaintiff was assigned to teach P.E. and coach the football team at Brown Middle School in Hamilton County beginning with the 1997-98 school year. In addition to his teaching assignment and football coaching assignment, the Plaintiff also has coached both girls' and boys' track and girls' basketball at Brown Middle School. In addition to his responsibilities at Brown Middle School, the Plaintiff is currently the head girls' track coach at Central High School.

7. The Plaintiff has sought, on more than one occasion, to be the head football coach at Central High School in Hamilton County. At all times relevant to this Complaint, the Principal at Central High School has been Finley King.

8. The Central High School head football coaching position was going to be open for the 2011-12 school year, and the Plaintiff applied for said position.

9. The last time the Plaintiff applied for the head football coaching position at Central High School was in the 2009-10 school year. The Plaintiff was not hired. Rather, a Caucasian individual with less coaching experience was hired. The reason

2

given to the Plaintiff, at that time, for hiring someone other than the Plaintiff was because there was not an open teaching assignment, i.e. P.E., within his area of certification.

10. When the head football coaching position became available for the 2011-12 school year, there was also an open position for P.E., a course within the Plaintiff's certification. The Plaintiff applied for the head football coaching position as well as the P.E. position at Central High School.

11. The Plaintiff went through the interview process. Upon information and belief, the Plaintiff was one of the top three candidates for the position, and the Plaintiff had a "call-back" interview for the openings. Upon information and belief, the Plaintiff had more coaching experience than any of the applicants, and more coaching and teaching experience than the individual ultimately hired. The Defendant ultimately employed John Allen as the head football coach for Central High School. Mr. Allen is Caucasian.

12. After informing the Plaintiff that he would not receive the head football coaching position, the Defendant via Principal King offered the Plaintiff an assistant football coaching position and the open P.E. position at Central High School. The Plaintiff asked if he could consider the offer as it would likely result in a pay cut for him.

13. Over the next few days, the Plaintiff expressed his willingness to accept the Central High position as a P.E. instructor and assistant football coach. However, before the offer was finalized, Principal King and/or the Defendant allowed newly-hired football coach Allen to bring one of his assistant coaches from a neighboring county, who also was certified to teach P.E., to fill the open P.E. position and the assistant coaching position at Central High School. The Plaintiff, unlike the new hire, was already an

employee in Hamilton County. The new hire was Caucasian. The Plaintiff had more teaching and coaching experience then the individual hired to teach P.E. and serve as the assistant football coach at Central High School.

14. Upon information and belief, the Defendant prefers to have a Caucasian head football coach at high schools that predominately enroll Caucasian students and an African-American head football coach at high schools that predominately enroll African-American students. Central High School has more Caucasian students than African-American students.

15. On December 15, 2011, the Plaintiff filed a complaint of racial and national origin discrimination against the Hamilton County Board of Education with the Equal Employment Opportunity Commission ("EEOC"). **[Exhibit 1].**

16. On or about September 28, 2012, the Plaintiff received a notice of right to sue from the EEOC dated September 26, 2012. **[Exhibit 2].**

17. The Plaintiff, a member of a protected class, was discriminated against based upon his race. The Plaintiff was qualified for both the P.E. position and the head football coaching position at Central High School. Notwithstanding his qualifications, a Caucasian applicant, Mr. Allen, was hired. Upon information and belief, Mr. Allen was not as qualified for the position as the Plaintiff. These actions violate the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

18. Upon information and belief, there is not a legitimate non-discriminatory reason for the Plaintiff being passed over for the head football coaching position at Central High School.

4

Case 1:12-cv-00426-CLC-SKL Document 1 Filed 12/21/12 Page 4 of 6 PageID #: 4

19. After offering the Plaintiff an assistant football coaching assignment and the P.E. assignment at Central High School for which the Plaintiff was qualified, the decision was made to employ Mr. Allen's friend, a Caucasian from outside of Hamilton County, rather than the Plaintiff. These actions violate the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

20. Choosing to employ Caucasian head football coaches at schools that enroll a majority of Caucasian students and African-American head football coaches at school that enroll a majority of African-American students is a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

PREMISES CONSIDERED, the Plaintiff prays:

1. That process be served upon the Defendant requiring it to answer;

2. That, following a trial of this matter that judgment be entered for the Plaintiff on his claims of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, enjoining the Defendant from engaging in such unlawful employment practices and awarding the Plaintiff compensatory damages in an amount to be determined at trial pursuant to 42 U.S.C. §1981a together with such equitable relief as the Court deems appropriate;

3. That the Plaintiff be awarded a reasonable attorney's fee, including expert fees, as part of the costs in accordance with 42 U.S.C. §2000e-5(k);

4. That the Plaintiff be awarded such further and general relief as the equities of this cause may require and the Court deem just and proper.

5. The Plaintiff hereby requests a jury trial.

5

Respectfully Submitted,

_____
Richard L. Colbert, #9397
Courtney L. Wilbert #23089
KAY, GRIFFIN, ENKEMA &
COLBERT, PLLC
108 Fourth Avenue South, Suite 209
Franklin, Tennessee 37064
615-790-6610
rcolbert@kaygriffin.com
cwilbert@kaygriffin.com